IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | 8:04CR122 |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| ARMANDO BRAVO-BAEZ, | ) | |
| Defendant. | ) | |

This matter is before the court for initial review of the defendant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (§ 2255 motion) (Filing No. 28).

Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

After pleading guilty to Count One of the Indictment charging defendant with illegal reentry, in violation of 8 U.S.C. §§ 1326(a) & (b)(2), the court sentenced defendant to 37 months in the custody of the Bureau of Prisons followed by three years supervised release. (Filing No. 26). The defendant did not file a direct appeal,

In his § 2255 motion the defendant alleges four grounds for relief: (1) his sentence is in violation of the Sixth Amendment because it was enhanced by a prior felony that was not decided by a jury; (2) the felony and aggravated felony provisions of 8 U.S.C. § 1326

are unconstitutional; (3) he received ineffective assistance of counsel based on defense counsel's failure to raise deportability as a mitigating factor at sentencing; and (4) the defendant's sentence was unconstitutional because solely based on his status as a deportable alien the defendant's sentence will be served under circumstances that are more severe than those facing a United States citizen. Specifically, defendant challenges his ineligibility for a residential Drug Abuse Program and a timely half-way house release.

**First and Second Claim**

Bravo-Baez's first claim challenges his sentence because it was enhanced based on a prior felony that was never decided by a jury and his second claim alleges that the felony and aggravated felony provisions of 8 U.S.C. § 1326 are unconstitutional. Aside from the issues of waiver, timeliness and procedural default, Bravo-Baez's arguments are precluded by Eighth Circuit law. *United States v. Amezcua-Campos,* 2005 WL 1869157 (8th Cir. Aug. 8, 2005) (the principles that a sentencing judge may find the fact of a prior conviction and whether that conviction is one requiring a sentencing enhancement are unaffected by *Booker*); *United States v. Torres-Alvarado,* 416 F.3d 808, 810 (8th Cir. 2005) (even where a defendant does not admit to a prior conviction, *Booker* reaffirmed the exception discussed in *Almendarez-Torres v. United States,* 523 U.S. 224 (1998), and an aggravated felony or qualifying felony drug conviction need not be proved to a jury beyond a reasonable doubt for purposes of U.S.S.G. § 2L1.2).

Therefore, it appears plainly from the face of the § 2255 motion and the record that defendant is not entitled to relief for this claim. The claim is denied.

**Third Claim**

Bravo-Baez's third claim alleges that he received ineffective assistance of counsel

based on his attorney's failure to raise deportability as a mitigating factor at sentencing.

Bravo-Baez's attorney, however, was not required to make an argument that lacks merit and in *United States v. Cardos-Rodriguez*, 241 F.3d 613 (8th Cir. 2001), the Eighth Circuit held that in an illegal reentry case deportation is not a mitigating factor at sentencing. The court stated that "[b]ecause only those defendants who have previously 'been denied admission, excluded, deported, or removed' from the United States can be guilty of violating section 1326, we conclude that a defendant's alien status, without more, cannot take his case outside the heartland of cases under section 2L1.2." *Id*. at 614. Therefore, it appears plainly from the face of the § 2255 motion and the record that defendant is not entitled to relief for this claim. The claim is denied.

**Fourth Claim**

Bravo-Baez's fourth claim alleges that his sentence was unconstitutional because solely based on his status as a deportable alien, the defendant's sentence will be served under circumstances that are more severe than those facing a United States citizen. Specifically, defendant challenges his ineligibility for a residential Drug Abuse Program and a timely half-way house release.

These issues have already been addressed in *United States v. Lopez-Salas,* 266 F.3d 842 (8th Cir. 2001), where the Eighth Circuit held that it is within the Bureau of Prison's (BOP) discretion to categorically exclude inmates who have had INS detainers filed against them from eligibility for early release after completing a drug treatment program. *Id*. at 846. The court reasoned that the BOP has categorically excluded from early release several groups of inmates who would otherwise be eligible under the statute. Prisoners who have an INS detainer filed against them are one group. *Id.* at 848.

Furthermore, with respect to defendant's challenge to his ineligibility for a minimum

security facility, such as a half-way house, the Eighth Circuit held that the fact that a deportable alien may be subject to some increases in the severity of the conditions of confinement alone is not sufficient to make his case atypical or unusual.  *Id.* at 849. Therefore, "a departure on this basis is only appropriate in exceptional circumstances, such as where there is a substantial, undeserved increase in the severity of conditions of confinement."  *Id.*  Here, defendant's sentence does not rise to this level of severity.

Therefore, it appears plainly from the face of the § 2255 motion and the record that defendant is not entitled to relief on these claims.  The claims are denied.

IT IS ORDERED:

1.  That the defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 28) is denied;

2.  A separate Judgment will be entered; and

3.  The Clerk is directed to mail a copy of this Memorandum and Order to the defendant at his last known address.

DATED this 5th day of December, 2005.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge

4